## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> INTELLECTUAL VENTURES I LLC and XENOGENIC DEVELOPMENT LIMITED LIABILITY COMPANY, <br><br> Defendants. | C.A. NO. 22-730-VAC <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> PUBLIC VERSION OF D.I. 2 FILED: JUNE 17, 2022 |

Plaintiff Hewlett Packard Enterprise Company ("HPE") files this Complaint for Declaratory Judgment against Defendants Intellectual Ventures I LLC ("IV") and Xenogenic Development Limited Liability Company ("Xenogenic") and in support of its Complaint alleges as follows:

### INTRODUCTION

1. HPE is a global edge-to-cloud company built to transform businesses by helping businesses connect, protect, analyze, and act on all their data and applications globally. HPE's long history of substantial investment in research and development has enabled it to provide innovative products and solutions in the computing and web-based technology arenas. IV, on the other hand, has recently embarked on a hostile patent assertion campaign to try to achieve through litigation what it has been unable to achieve through innovation.

### THE PARTIES

2. Plaintiff HPE is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business located at 1701 E Mossy Oaks Rd., Spring, Texas 77389.

3. On information and belief, Defendant IV is a corporation organized and existing under the laws of the state of Delaware with a registered place of business at 251 Little Falls Drive, Wilmington, Delaware 19808.

4. On information and belief, Defendant Xenogenic is a corporation organized and existing under the laws of the state of Delaware with a registered place of business at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Personal jurisdiction and venue are proper in this Court as to IV and Xenogenic pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1391(d), because on information and belief IV and Xenogenic both reside in this State and District.

## THE DJ PATENTS

7. The following patents are at issue in this litigation, which are referred to collectively below as the "DJ Patents."

8. On April 19, 2011, the United States Patent and Trademark Office issued United States Patent No. 7,929,504 ("the '504 patent"), entitled "Systems and Methods for the Connection and Remote Configuration of Wireless Clients," to Menzo Wentink and Tobias Jeger. A true and correct copy of the '504 patent is attached to this Complaint as Exhibit 1. On information and belief, IV is the current assignee of the '504 patent.

9. On July 17, 2007, the United States Patent and Trademark Office issued United States Patent No. 7,246,173 ("the '173 patent"), entitled "Method and Apparatus for Classifying IP Data," to Franck Le and Haihong Zheng. A true and correct copy of the '173 patent is attached to this Complaint as Exhibit 2. On information and belief, IV is the current assignee of the '173 patent.

10. On March 17, 2009, the United States Patent and Trademark Office issued United States Patent No. 7,505,751 ("the '751 patent"), entitled "Wireless Mesh Architecture," to Floyd Backes. A true and correct copy of the '751 patent is attached to this Complaint as Exhibit 3. On information and belief, Xenogenic is the current assignee of the '751 patent.

11. On March 23, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,684,318 ("the '318 patent"), entitled "Shared-communications Channel Utilization for Applications Having Different Class of Service Requirements," to Maarten Menzo Wentink and Ronald A. Brockmann. A true and correct copy of the '318 patent is attached to this Complaint as Exhibit 4. On information and belief, IV is the current assignee of the '318 patent.

12. On June 10, 2008, the United States Patent and Trademark Office issued United States Patent No. 7,386,036 ("the '036 patent"), entitled "Wireless Multi-hop System with Macroscopic Multiplexing," to Pirjo Pasanen and Olav Tirkkonen. A true and correct copy of the '036 patent is attached to this Complaint as Exhibit 5. On information and belief, IV is the current assignee of the '036 patent.

## FACTUAL BACKGROUND

13. IV's primary business model involves buying, selling, and licensing patents and packaged patent portfolios. IV's website states that as of 2011, "ten years after its founding," IV had "generated more than $2 billion in licensing revenue" and "assembled a portfolio of more than 35,000 IP assets." *See* https://www.intellectualventures.com/what-we-do#slide4.

14. Since the beginning of 2021, IV has contacted HPE multiple times about HPE's alleged need to pay for licenses to IV's patent portfolios. These communications included allegations that HPE's products or services practice multiple IV patents as well as licensing demands from IV to HPE.

15. IV recently initiated multiple litigations against HPE on several patents in its portfolio. Specifically, to date IV has asserted 12 patents against HPE in three separate cases filed over the past 15 months.

16. On March 9, 2021, IV filed a first lawsuit against HPE in the Western District of Texas, Case No. 6:21-cv-226 (ADA). The lawsuit alleges infringement of United States Patent Nos. 6,618,736, RE 42,153, 7,783,788, RE 44,818, 6,816,464, 8,023,991, 8,725,132 by the following products: Docker Enterprise Edition, ProLiant servers, Ezmeral Container Platform, Apollo servers, 3PAR StoreServ, Primera Storage, Silver Peak Unity EdgeConnect SD-WAN Edge Platform, Aruba EdgeConnect Platform, ArubaOS, Aruba 7200 Series Mobility Controllers, and Aruba's 802.11ax, 530 Series, and 550 Series Access Points. Following HPE's motion to transfer for convenience pursuant to 28 U.S.C. § 1404(a), transfer of that case was ordered to the Northern District of California.

17. On June 11, 2021, IV filed a second lawsuit against HPE in the Western District of Texas, Case No. 6:21-cv-596 (ADA). The lawsuit alleged infringement of United States Patent Nos. 7,555,586, 7,464,240, 7,882,320, and 6,779,082 ("the '082 patent") by the following products: 3PAR StoreServ and the SimpliVity series of HCI solutions. IV subsequently dismissed without prejudice three of the four patents it had asserted against HPE, leaving only the '082 patent at issue in that case.

18. On December 15, 2021, IV filed a third lawsuit against HPE in the Western District of Texas, Case No. 6:21-cv-1298 (ADA). The lawsuit alleges infringement of United States Patent No. 7,822,841 by the following products: GreenLake for High Performance Computing (HPC), GreenLake for Containers, GreenLake for Private Cloud, HPC Performance Cluster Manager, and related HPE Apollo and ProLiant systems.

19. In the hours immediately preceding the filing of each of IV's three lawsuits against HPE, IV sent demand letters via email to HPE's in-house counsel. *See* Exhibit 6 (Letters dated March 8, June 10, and December 14, 2021).

20. In April 2022, IV sent HPE a presentation asserting that HPE requires a license to many other patents in IV's portfolio, including the DJ Patents that are the subject of this action. *See* Exhibit 7 (April 2022 Presentation from IV to HPE).

21. ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ U.S. Pat. Nos. 6,816,464, 8,023,991, and 8,725,132, have already been asserted against certain Aruba products within HPE's Intelligent Edge offerings in Case No. 6:21-cv-226. *See id.*

22. The DJ Patents purportedly pertain to systems and methods for various aspects of wireless communication. HPE's Intelligent Edge Aruba products include wireless access points, gateways, controllers, and switches for seamless, secure, enterprise-scale wireless performance.

23. IV has asserted the '318 patent against other parties in the following lawsuits: *Intellectual Ventures I LLC and Intellectual Ventures II LLC v. General Motors Co., et al.*, Western District of Texas Case No. 6:21-cv-1088, filed on October 19, 2021; *Intellectual Ventures I LLC and Intellectual Ventures II LLC v. Toyota Motor Corp., et al.*, Eastern District of Texas Case No. 2:21-cv-389, filed on October 19, 2021; and *Intellectual Ventures I LLC and Intellectual Ventures II LLC v. Honda Motor Co., Ltd., et al.*, Northern District of Texas Case No. 3:22-cv-761, filed on April 4, 2022.

24. IV has offered no assurance to HPE that IV will not enforce any of the other patents IV identified to HPE, including the DJ Patents.

25. IV's communications to HPE have included language indicating that the threat of additional infringement actions by IV is imminent, ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████

26. In view of the foregoing, a threat of actual and imminent injury exists as to HPE that can be redressed by judicial relief. The injury to HPE includes uncertainty as to whether the

development, use, and sale of certain HPE products (as more particularly identified below, in Counts I through V) will be free from infringement claims based on each of the DJ Patents. Consequently, the injury is sufficiently immediate and irreparable to warrant the issuance of a declaratory judgment.

## COUNT ONE

### Noninfringement of United States Patent No. 7,929,504

27. HPE incorporates by reference the preceding allegations of its Complaint.

28. The '504 patent purports to disclose methods and systems for remote configuration of a wireless node. Claim 1 of the '504 patent recites:

> 1. A method for remote configuration of a node comprising:
>
> generating network configuration information at a first wireless node capable of configuring a different second wireless node for network communications;
>
> embedding a network identifier of a network for the second wireless node to join within the network configuration information;
>
> generating a frame having a destination address of the second wireless node and including the network con figuration information and an identifier to identify the frame as a network configuration frame;
>
> the first wireless node determining a channel that the second wireless node is residing on; and
>
> transmitting the frame from the first wireless node to the second wireless node on the determined channel, the network configuration information designating network configuration parameters to remotely configure the second wireless node for the network communications.

'504 patent, claim 1.

29. HPE has not infringed and does not infringe at least claim 1 of the '504 patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of certain HPE products, including but not limited to the Aruba Instant access points (such as the IAP-2xx and

IAP-3xx series), Campus access points (such as the AP-2xx and AP-3xx series), and Unified access points (such as the AP-3xx, 5xx, and 6xx series).

30. IV cannot establish that the HPE Aruba products practice at least the following limitations of claim 1 of the '504 patent: "embedding a network identifier of a network for the second wireless node to join within the network" and "the first wireless node determining a channel that the second wireless node is residing on." For example, when HPE products are installed, a first wireless node does not request a second wireless node to join a network.

31. As alleged above, an actual controversy exists between HPE and IV with respect to infringement of the '504 patent, and this controversy is likely to continue. Accordingly, HPE desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '504 patent.

32. A judicial declaration is necessary and appropriate so that HPE may ascertain its rights regarding the claims of the '504 patent.

## COUNT TWO

## Noninfringement of United States Patent No. 7,246,173

33. HPE incorporates by reference the preceding allegations of its Complaint.

34. The '173 patent purports to disclose methods and systems for classifying data. Claim 1 of the '173 patent recites:

> 1. A method of classifying Internet Protocol (IP) data to be sent from a source apparatus to a destination apparatus in a packet switched network, said method comprising:
>
> receiving said data at a first node, the data comprising a header comprising a list of at least one intermediate node to be visited on a way to the destination apparatus; and
>
> classifying said data at said first node based on an entry in said header.

'173 patent, claim 1.

35. HPE has not infringed and does not infringe at least claim 1 of the '173 patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its

making, use, sale, or offer for sale in, or importation into the United States of certain HPE products, including but not limited to the Aruba 7000 series mobility controller, the Aruba 7200 series mobility controller, the Aruba 9000 series mobility controller, the Aruba 9200 series mobility controller, and the Aruba CX switches.

36. IV cannot establish that the HPE Aruba products practice at least the following limitations of claim 1 of the '173 patent: "a header comprising a list of at least one intermediate node to be visited on a way to the destination apparatus." For example, HPE products do not specify an intermediate node when they send data to a destination.

37. As alleged above, an actual controversy exists between HPE and IV with respect to infringement of the '173 patent, and this controversy is likely to continue. Accordingly, HPE desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '173 patent.

38. A judicial declaration is necessary and appropriate so that HPE may ascertain its rights regarding the claims of the '173 patent.

## COUNT THREE

### Noninfringement of United States Patent No. 7,505,751

39. HPE incorporates by reference the preceding allegations of its Complaint.

40. The '751 patent purports to disclose systems comprising a wireless mesh network. Claim 1 of the '751 patent recites:

> 1. A wireless mesh network including:
>
> a plurality of wireless nodes including a first wireless node, and second wireless node and a third wireless node, wherein during each cycle of a plurality of consecutive cycles:
>
> the first wireless node communicates with the second wireless node via a first link;
>
> the first wireless node communicates with the third wireless node via a second link; and
>
> the second wireless node communicates with the third wireless node via a third link, wherein each link is characterized by an agreement between two wireless nodes forming end points of

> the link to rendezvous for the purposes of exchanging data at a predetermined time over a predetermined channel, at least one of which is selected to mitigate interference with other links.

'751 patent at claim 1.

41. HPE has not infringed and does not infringe at least claim 1 of the '751 patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of certain HPE products, including but not limited to the Aruba Instant access points (such as the IAP-2xx and IAP-3xx series), Campus access points (such as the AP-2xx and AP-3xx series), and Unified access points (such as the AP-3xx, 5xx, and 6xx series).

42. Xenogenic cannot establish that the HPE Aruba products infringe at least the following limitations of claim 1 of the '751 patent: "an agreement between two wireless nodes forming endpoints of the link to rendezvous for the purposes of exchanging data at a predetermined time over a predetermined channel." For example, HPE products do not form an agreement to rendezvous at a specific time.

43. As alleged above, an actual controversy exists between HPE and Xenogenic with respect to infringement of the '751 patent, and this controversy is likely to continue. Accordingly, HPE desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '751 patent.

44. A judicial declaration is necessary and appropriate so that HPE may ascertain its rights regarding the claims of the '751 patent.

## COUNT FOUR

### Noninfringement of United States Patent No. 7,684,318

45. HPE incorporates by reference the preceding allegations of its Complaint.

46. The '318 patent purports to disclose methods and systems for queuing and transmitting data. Claim 1 of the '318 patent recites:

> 1. A method, comprising:
>
>> queuing data frames to be transmitted during a transmitting station's transmit opportunity, wherein the data frames are queued

      in a queue, wherein the transmit opportunity corresponds to a length of time during which the transmitting station will transmit data frames from the queue to a shared-communications channel, and wherein the transmit opportunity is commenced with a control frame; and

          setting a length of time for the transmit opportunity based on a priority of the queue.

'318 patent, claim 1.

47. HPE has not infringed and does not infringe at least claim 1 of the '318 patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of certain HPE products, including but not limited to the Aruba Instant access points (such as the IAP-2xx and IAP-3xx series), Campus access points (such as the AP-2xx and AP-3xx series), and Unified access points (such as the AP-3xx, 5xx, and 6xx series).

48. IV cannot establish that the HPE Aruba products infringe at least the following limitations of claim 1 of the '318 patent: "transmitting station," "a transmitting station's transmit opportunity," and "setting a length of time for the transmit opportunity based on a priority of the queue." For example, HPE products are not "transmitting stations" as that term is used in the '318 patent.

49. As alleged above, an actual controversy exists between HPE and IV with respect to infringement of the '318 patent, and this controversy is likely to continue. Accordingly, HPE desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '318 patent.

50. A judicial declaration is necessary and appropriate so that HPE may ascertain its rights regarding the claims of the '318 patent.

## COUNT FIVE

### Noninfringement of United States Patent No. 7,386,036

51. HPE incorporates by reference the preceding allegations of its Complaint.

52. The '036 patent purports to disclose methods and systems for wireless communication. For example, claim 1 of the '036 patent recites:

> 1. A method for communicating in a wireless multi-hop system having at least one base station, at least one relay station, and user equipment, the method comprising:
>
> facilitating, at a first relay station, a communication between user equipment and the first relay station using a second radio interface;
>
> and multiplexing the communication between the first relay station and a base station and between the first relay station and a second relay station using a first radio interface to create a plurality of simultaneous data streams; and
>
> processing the communication between the first relay station and the base station with the first radio interface separately from the communication between the user equipment and the first relay station.

'036 patent, claim 1.

53. HPE has not infringed and does not infringe at least claim 1 of the '036 patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of certain HPE products, including but not limited to the Aruba Instant access points (such as the IAP-2xx and IAP-3xx series), Campus access points (such as the AP-2xx and AP-3xx series), and Unified access points (such as the AP-3xx, 5xx, and 6xx series).

54. IV cannot establish that the HPE Aruba products practice at least the following limitations of claim 1 of the '036 patent: "multiplexing the communication between the first relay station and a base station and between the first relay station and a second relay station using a first radio interface to create a plurality of simultaneous data streams." For example, a first HPE product will not communicate simultaneously with a base station and with a second HPE product of the same type as the first HPE product.

55. As alleged above, an actual controversy exists between HPE and IV with respect to infringement of the '036 patent, and this controversy is likely to continue. Accordingly, HPE desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '036 patent.

56. A judicial declaration is necessary and appropriate so that HPE may ascertain its rights regarding the claims of the '036 patent.

## PRAYER FOR RELIEF

WHEREFORE, HPE respectfully requests that judgment be entered:

    A.    Declaring that HPE does not infringe at least the identified claims of the DJ Patents, directly or indirectly, literally or under the doctrine of equivalents, by the making, using, selling, offering to sell, and/or importing of the HPE products;

    B.    Awarding HPE its reasonable attorneys' fees under 35 U.S.C. § 285; and

    C.    Awarding any other remedy or relief to which HPE may be entitled and which is deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

HPE demands trial by jury of all issues triable of right by a jury.

Dated: June 2, 2022

**OF COUNSEL:**

Sean C. Cunningham
Erin P. Gibson
Tiffany Miller
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Sean.Cunningham@us.dlapiper.com
Erin.Gibson@us.dlapiper.com
Tiffany.Miller@us.dlapiper.com

Dawn M. Jenkins
**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
Telephone: (713) 425-8400
Facsimile: (713) 425-8401
Dawn.Jenkins@us.dlapiper.com

**DLA Piper LLP (US)**

*/s/Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
Angela C. Whitesell (DE Bar No. 5547)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: 302.468.5700
Facsimile: 302.394.2341
brian.biggs@dlapiper.com
angela.whitesell@dlapiper.com

*Counsel for Plaintiff Hewlett Packard Enterprise Company*

Nancy C. Braman
**DLA PIPER LLP (US)**
33 Arch Street, Floor 26
Boston, MA 02110-1447
Telephone: (617) 406-6001
Facsimile: (617) 406-6101
Nancy.Braman@us.dlapiper.com

Brent Yamashita
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
Brent.Yamashita@us.dlapiper.com