# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC and XENOGENIC DEVELOPMENT LIMITED LIABILITY COMPANY,<br><br>    Defendants. | Civil Action No. 22-cv-730-GWB-CJB |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Dated: September 14, 2022

Of Counsel:

Matthew D. Vella
mvella@princelobel.com
Robert R. Gilman
rgilman@princelobel.com
Jonathan DeBlois
jdeblois@princelobel.com
Aaron Jacobs
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants*

HPE's Opposition does not—and cannot—argue against the simple fact that defendants never asserted or even implied a specific intent to enforce the DJ patents, five seemingly randomly selected patents listed among more than three-hundred in the presentation attached to the Complaint. So too, HPE does not—and cannot—argue against the straightforward law that "a communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interests between the parties, let alone the existence of a 'concrete and definite' dispute." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009).

Instead, HPE advances the theory that declaratory judgment jurisdiction exists here because the parties are engaged in four *other* cases involving eleven *other* patents that are also listed among more than eighty on page 12 of the presentation. *See* D.I. 22, Op. at 10-12. That does not support declaratory judgment jurisdiction.

Defendants stand by the cases cited and analyses provided in their Motion; what was said there is enough to dismiss HPE's Complaint. HPE's attempts to distinguish those cases fall flat and do not require further reply. And, indeed, defendants would otherwise waive their right to Reply, but for the fact that HPE's argument runs afoul of yet another on-point example of a district court recognizing

that it does not have jurisdiction in a situation such as this: *Applera Corp. v Michigan Diagnostics, LLC*, 593 F. Supp. 2d 150 (D. Ma. 2009).

Plaintiff Applera, through its Applied Biosystems division, alleged that defendant Michigan Diagnostics infringed eight patents related to kits used to detect a substance through chemiluminescence. *Id.* at 153. Michigan Diagnostics counterclaimed for a declaration of noninfringement as to sixty-two patents assigned to Applied Biosystems, which counterclaims Applied Biosystems moved to dismiss. *Id.* at 154.

In short, in July 2006, Applied Biosystems sent a letter to Michigan Diagnostics, notifying it of Applied Bioscience's "extensive patent portfolio and notifying Michigan Diagnostics that it may be infringing patents owned by [Applied Biosystems].'" *Id.* at 158. The letter from Applied Biosystems stated, *inter alia*:

> In view of certain activities of your company, including your commercially available enzyme triggerable dioxetanes, we believe you should review our U.S. patents listed on the enclosure to this letter. We have included the independent claims in the enclosure as well. These patents were originally assigned to Tropix Inc. and are now part of the Applied Biosystems patent portfolio.

*Id.* at 158-59. The referenced enclosure "listed sixty-two patents: seven of the eight patents for which Applied Biosystems now brings infringement claims, and the fifty-five additional patents that are referred to in the counterclaim." *Id.* at 159.

2

The parties corresponded for the next nine months, until Applied Biosciences sued in March 2007. *Id.* at 159-60 (quoting correspondence).

So, in *Applera*—as in the case at Bar—the patentee identified the accused infringer's products and super-set of potential patents of interest. The patentee—as in the case at Bar—sued the accused infringer on a subset of those patents regarding those products. And then—as in the case at Bar—the accused infringer turned around and sought declaratory judgment as to unasserted patents. The *Applera* court concluded that this did not support declaratory judgment jurisdiction: "The communications between the parties have not created a case or controversy as to whether the fifty-five additional Applied Biosystems patents not sued upon are infringed by Michigan Diagnostics." *Id.* at 160. Rather, the court explained:

> Applied Biosystems broadly, and with some palpable bravura, suggested a review of its entire patent portfolio, but it did not make any specific allegations of infringement except within its pleading in this lawsuit. Nor has Michigan Diagnostics, after apparently conducting a review of Applied Biosystems' patents, argued that it might be infringing on any of these patents but for their invalidity. In short, it is far from clear that any dispute actually exists as to the fifty-five patents. As to them it may be fairly said that Michigan Diagnostics is essentially seeking an advisory opinion. There is no jurisdiction for that essay.

*Id.* Thus, the *Applera* court dismissed Michigan Diagnostic's counterclaims. The outcome should be the same for the matter at Bar. *See also* D.I. 19 at 7-10 (discussing cases).

3

For the foregoing reasons, and for those stated in defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, defendants respectfully ask the Court to dismiss the Complaint.

| | |
|---|---|
| Dated: September 14, 2022 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Matthew D. Vella<br>mvella@princelobel.com<br>Robert R. Gilman<br>rgilman@princelobel.com<br>Jonathan DeBlois<br>jdeblois@princelobel.com<br>Aaron Jacobs<br>ajacobs@princelobel.com<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>Tel: (617) 456-8000 | /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Str., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Defendants* |

## CERTIFICATION OF COMPLIANCE

The foregoing document complies with the type-volume limitation of this Court's Scheduling Order for All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 737 words, excluding the case caption, signature block, table of contents and table of authorities.

                                                /s/ Brian E. Farnan
                                                Brian E. Farnan (Bar No. 4089)

Dated: September 14, 2022